**Clemente FLORES MENDEZ; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–70208.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

Juan Antonio Laguna, Law Offices of Juan A. Laguna, Santa Ana, CA, for Petitioners.

Kurt B. Larson, Esquire, OIL, Stacy Stiffel Paddack, Siu P. Wong, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

## MEMORANDUM **

Clemente Flores Mendez and his two children, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we dismiss the petition for review.

The evidence Flores Mendez presented with his motion to reopen concerned the same basic hardship grounds as the application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006) (if "the BIA determines that a motion to reopen proceedings in which there has already been an unreviewable discretionary determination concerning a statutory prerequisite to relief does not make out a prima facie case for that relief," 8

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1252(a)(2)(B)(i) bars this court from revisiting the merits).

Flores Mendez waived his contention that he suffered ineffective assistance of counsel by failing to discuss it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DISMISSED.**